Oppenheimer *v.* O'Reilly.

the court in *Parker* v. *Langley* (supra), "a proper answer to show that it is pending," which it certainly is, when there has been an appeal from the judgment, which has not yet been decided ; and it must also be shown that the suit was determined, or the plaintiff acquitted or discharged before the action was brought (*Purcell* v. *McNamara*, 9 East, 157 ; *Woolford* v. *Ashley*, 2 Camp. 194 ; *Phillips* v. *Shaw*, 4 Barn. & Ald. 435 ; *Stoddart* v. *Palmer*, 3 Barn. & C. 2).

The case was then left to rest upon the simple count for false imprisonment ; and, at the close of the trial, the defendants moved for a dismissal of the complaint, as it then stood, upon the ground that an action for false imprisonment had not been established, the process under which the plaintiff had been arrested, being regular, valid, and the arrest under it, lawful ; which was denied ; and the defendants excepted.

I think, for the reasons already given, that this motion ought to have been granted ; and that the defendants are entitled to have the judgment reversed, and a new trial ordered, costs to abide event.

J. F. DALY and BEACH, JJ., concurred.

Judgment reversed and new trial ordered, with costs to abide event.

---

LOUIS OPPENHEIMER, Appellant, *against* HUGH O'REILLY et al., RESPONDENTS.

(Decided June 6th, 1881.)

At the trial of an action to recover damages for personal injuries to a boy four years of age, by being run over in a public street, by defendants' wagon, the plaintiff requested the court to charge that if the jury found that the plaintiff was *non sui juris* and escaped into the street without negligence on the part of the parents or custodians, the plaintiff could recover, if they believed the defendant was guilty of negligence. *Held*, that as there was conflicting evidence as to whether the plaintiff escaped into the street or was left there by his custodian at the time, a refusal to so charge was not erroneous.

APPEAL from a judgment of this court entered upon the verdict of a jury, and from an order denying a motion for a new trial.

The facts are stated in the opinion.

*James Henderson*, for appellant.

*Albert Mathews*, for respondent.

PER CURIAM.—The only question involved in this appeal arises from the refusal of the court to charge a request made by the plaintiff's counsel, that : "If the jury find that the plaintiff was *non sui juris* and escaped into the street without negligence upon the part of the parents or custodians, the plaintiff can recover if they believe the defendant was guilty of negligence."

It is a familiar principle of law that if the request is in such form that the court cannot properly charge it in the very terms of the request, without qualification, an exception to a refusal to charge the request is not well taken.

The difficulty with the proposition asked to be charged in this case, although abstractly true, seems to be that it would have conveyed an erroneous impression to the jury in view of the evidence which had been offered upon the part of the defendants as to one of the main questions involved in the case, and that was as to whether the boy had escaped (as was testified to by the aunt) into the street, or whether he had been negligently left in the street, as it is claimed that the testimony of the witness Brennan showed. The reasonable construction of this testimony would seem to indicate, that the boy was in the street in his uncle's company, and was left in the street by him, and if he was *non sui juris* this was clearly negligence upon the part of the uncle, who, according to the testimony of the witness Brennan, was then his custodian. The jury might well have inferred if the request had been charged in the precise way demanded by the plaintiff's attorney, that they were instructed that the child had escaped into the street, and the only question in reference to such

escape was as to whether he had escaped without negligence on the part of his parents or custodians, thus calling their attention exclusively to the testimony given upon the part of the aunt, entirely excluding from their consideration the feature of the case introduced by the testimony of the witness Brennan.

Under these circumstances, it appearing that an erroneous impression would have been conveyed to the jury by a charge of the proposition in question in the very terms proposed, it was not error for the judge to have refused to charge the same.

We are of the opinion, therefore, that the judgment must be affirmed with costs.

Judgment affirmed, with costs.